# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10846
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL RODRIGUEZ-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:17-CR-5-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

Raul Rodriguez-Martinez pleaded guilty to one count of illegal reentry into the United States, and he was sentenced to serve an above-guidelines term of 36 months in prison as well as a three-year term of supervised release. Now, he argues that his sentence is substantively unreasonable because the district court gave too much weight to his past misdeeds and that the district court erred by imposing a condition of supervised release mandating that he undergo

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10846

substance abuse treatment because the record does not support a conclusion that this treatment is needed.

Because Rodriguez-Martinez did not specifically object to his sentence as unreasonable, he did not preserve this claim, and the plain error standard applies. *See United States v. Peltier*, 505 F.3d 389, 390-92 (5th Cir. 2007); *United States v. Whitelaw*, 582 F.3d 256, 260 (5th Cir. 2009). To establish plain error, Rodriguez-Martinez must show that the district court committed a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he does so, this court will correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

If the challenged sentence deviates from the guidelines range, this court must decide whether it "unreasonably fails to reflect the statutory sentencing factors" set forth in 18 U.S.C. § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). This standard is met when the challenged sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Smith*, 440 F.3d at 708.

The record shows that the district court gave due consideration to the § 3553(a) factors and committed no error when balancing them. *See id.* Rodriguez-Martinez's argument that the district court should have differently balanced the § 3553(a) factors "is not a sufficient ground for reversal." *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir.), *cert. denied*, 137 S. Ct. 526 (2016). He has shown no error, plain or otherwise, in connection with his above-guidelines term of imprisonment.

No. 17-10846

The district court may impose a substance-abuse treatment condition "if it has reason to believe that the defendant abuses controlled substances." *United States v. Cothran*, 302 F.3d 279, 290 (5th Cir. 2002). The record shows that Rodriguez-Martinez has a history of substance abuse and thus supports the district court's imposition of this condition. *See id.*

AFFIRMED.